# In the United States Court of Federal Claims

No.  12-525C
(Filed: June 4, 2013)

## NOT FOR PUBLICATION

| | |
|---|---|
| KEVIN L. PERRY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On August 20, 2012 pro se plaintiff, Mr. Kevin Perry, filed a complaint against the

United States ("the government" or "the defendant") alleging that the County of San

Diego, California violated his rights under the Veterans' Reemployment Rights Act

("VRRA"), 38 U.S.C. §§ 2021-2027 (1988),[1] and took his property rights when it did not

---

[1] VRRA provides in part that eligible members of the military who previously worked for a "State, or political subdivision thereof" must, upon proper application, be "restored by such employer . . . to such position or to a position of like seniority, status, and pay" upon completion of military service.  38 U.S.C. § 2021 (1988).  VRRA further provides a mechanism for enforcement of section 2021 providing that any employer who fails to comply with that section may be required to compensate the former employee "for any loss of wages or benefits suffered by reasons of such employer's unlawful action."  Id. § 2022.  In cases where an enforcement action is brought against a state or a political subdivision, the statute provides that the former

immediately reemploy him in the same position he had held prior to a period of military service.

According to the complaint and its attachments, Mr. Perry began work as an Intermediate Account Clerk for the County of San Diego, California in August 1988. He later enlisted in the United States Army and served between November 1990 and October 1994, when he was honorably discharged. In June 1994, while still on active duty, Mr. Perry submitted to the County of San Diego an application for employment. After having passed an employment examination, he was placed on an employment list in November 1994. On July 7, 1995, he was reemployed by the County of San Diego as an Intermediate Account Clerk in the Department of Social Services, where he worked until September 1997. In 2009, Mr. Perry submitted a complaint to the Department of Labor ("DOL") seeking a referral to the Department of Justice for alleged violations of VRRA. The DOL concluded that Mr. Perry is "not eligible for any protections under VRRA or USERRA, and therefore, has no right to any action on the part of the Department of Justice."[2] Compl. Ex. 1 at 5.

---

employee must file the associated complaint in the United States district court located in the area in which the political subdivision exercises its authority. Id. The former employee may apply to the local United States attorney for representation in such matters. Id. Similarly, the statute provides that the Secretary of Labor "shall render aid" in the former employee's efforts to gain reemployment and should use other Federal Agencies in rendering such aid. Id. § 2025.

[2] The DOL considered Mr. Perry's claims under VRRA and the Uniformed Services Employment and Reemployment Act ("USERRA"), 38 U.S.C. §§ 4301-4305 (2012), which was signed into law in October 1994 replacing VRRA. USERRA updated, expanded, or maintained many of VRRA's provisions and for the purposes here, does not alter the court's analysis.

Relying on the Privacy Act of 1974, 5 U.S.C. § 552a, the All Writs Act, 28 U.S.C. § 1651(a), and VRRA, Mr. Perry asks this court to (1) award $20,000,000 in damages under the Privacy Act and in compensation for an alleged Fifth Amendment taking of reemployment rights under VRRA; (2) "order the U.S. Department of Labor . . . to amend [his] referral to the U.S. Attorney General"; and (3) "order the U.S. Attorney [] in San Diego, CA to provide [him] with legal representation and all the benefits of 38 U.S.C. § 2022."

Before the court is the government's motion to dismiss[3] in which it contends that that the court should not entertain Mr. Perry's claims because he is subject to a court order enjoining him from filing further civil actions without first meeting certain filing prerequisites, which he failed to do.  See Perry v. Veolia Transp., No. 11-176, 2011 WL 4566449, at *11 (S.D. Cal. Sept. 30, 2011).  The government alternately moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction and for failure to state claim upon which relief may be granted.  Mr. Perry filed a response and a proposed amended complaint.  In his response, Mr. Perry contends that the injunction issued in Veolia Transport does not apply to the instant case because the United States was not party to the previous action.  Having carefully reviewed the pleadings and the parties'

---

[3] The government originally filed its motion to dismiss on October 19, 2012, arguing that the previous order issued by the United States District Court for the Southern District of California enjoined Mr. Perry from filing the instant action.  After considering the parties' briefing, the court ordered supplemental briefing on whether the court order enjoining Mr. Perry extends to the instant case and whether, assuming it does not, this court has jurisdiction over Mr. Perry's complaint or his proposed amended complaint.  Order, ECF No. 7 (March 20, 2013).

filings, the court has determined that oral argument is not necessary.  For the reasons discussed below, the government's motion is **GRANTED** and the plaintiff's complaint is **DISMISSED**.

A.     **Mr. Perry's failure to follow the terms of the district court's injunction bars his claims before this court**

The court agrees with the government that the order issued by the district court enjoining Mr. Perry from filing civil actions without leave extends to this case.  A court may dismiss a complaint filed by a vexatious litigant that violates an injunctive order entered by another court.  Dantzler v. United States Equal Emp't Opportunity Comm'n, 810 F. Supp. 2d 312, 319 (D.D.C 2011) (quoting Stich v. United States, 1991 WL 150218, at *1 (S.D.N.Y. July 31, 1991)) (quotations omitted).  The district court, in noting that Mr. Perry has brought at least eight other unsuccessful suits since 1997, mostly against the County of San Diego, concluded that his suits are "frivolous" and "form a pattern of harassment."  Veolia Transp., 2011 WL 4566449, at *10.  The court deemed Mr. Perry a vexatious litigant and issued an order stating that "Kevin L. Perry is enjoined from filing any new civil actions in this or any other federal court of the United States without first obtaining leave of that court."  Id. at *11.  To obtain leave, Mr. Perry was to include certain attachments to his complaint.[4]  Id.  The injunction warned that failure to comply with these terms could serve as grounds to grant a motion to dismiss a

---

[4] The injunction required Mr. Perry to attach a copy of the order to any new complaint along with a motion for leave to file and a sworn affidavit certifying that (1) the complaint raises a new issue that has never been litigated; (2) the claim is well-grounded in fact and law and is not frivolous; and (3) that he will comply with all rules of civil procedure.  Veolia Transp., 2011 WL 4566449, at *11.

new complaint.  Id.  Mr. Perry did not include all the attachments required by the injunction in either his original complaint or his proposed first amended complaint. Accordingly, Mr. Perry violated the terms of the injunction issued by the district court and dismissal is appropriate on those grounds.[5]  Dantzler, 810 F. Supp. 2d at 319-20.

**B.     The court lacks subject matter jurisdiction to consider Mr. Perry's claims in any event**

The court holds that even if the district court's injunction did not bar Mr. Perry from bringing the instant case, neither Mr. Perry's complaint nor his amended complaint establish a basis for this court's jurisdiction.  The failure by a plaintiff to establish subject matter jurisdiction requires the court to dismiss the complaint in its entirety.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).  Although the court will read a pro se plaintiff's complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the plaintiff is not excused from stating a non-frivolous claim within the jurisdiction of the court. Wilson v. United States, 404 F. App'x 499, 500 (Fed. Cir. 2010) (per curiam).

---

[5] Moreover, the court finds no merit in Mr. Perry's unsupported argument that the injunction is inapplicable here or otherwise improper because the government was not party to the previous litigation.  To the contrary, the injunction noted Mr. Perry's repeated abuses of state and federal court systems and expressly enjoined him from filing "any new civil actions in this or any other federal court" without first obtaining leave.  Veolia Transp., 2011 WL 4566449, at *11 (emphasis added).  The language is not limited to subsequent cases involving the same defendants in that case.  Lastly, had Mr. Perry wanted to challenge the validity or legal soundness of the district court's injunction, the proper avenue would have been an appeal to the United States Court of Appeals for the Ninth Circuit—an action he apparently did not take.  See Ullman v. United States, 64 Fed. Cl. 557, 571 (2005) ("The proper course for a dissatisfied litigant to redress legal errors is through appeal, not by collateral attack on the judgment in a separate lawsuit."); see also Taylor v. United States, No. 08-443C, 2008 WL 4925214, at *9 (Fed. Cl. Oct. 29, 2008) (holding that a plaintiff cannot assert a claim that would require this court to reconsider a determination by another court that the plaintiff is a vexatious litigant because doing so would require this court to "scrutinize" the actions of that other court).

5

Under the Tucker Act, the court possesses jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).  The Tucker Act does not, however, create a substantive cause of action or right to recover damages from the United States.  United States v. Bormes, 133 S. Ct. 12, 16-17 (2012).  Rather, the plaintiff must identify a separate source of substantive law creating the right to money damages.  Scheidel v. United States, 497 F. App'x 997, 998 (Fed. Cir. 2012).  The Tucker Act, and the jurisdiction it grants, moreover, is "displaced" where the law "imposing monetary liability on the United States contains its own judicial remedies."  Bormes, 133 S. Ct. at 18.

The court does not possess jurisdiction to adjudicate Mr. Perry's claim for civil remedies under the Privacy Act, 5 U.S.C. § 552a(g)(1), and therefore must dismiss this claim pursuant to RCFC 12(b)(1).  The Privacy Act expressly provides that a claimant seeking civil remedies under the Act's provisions "may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection."  5 U.S.C. 552a(g)(1)(D).  It is well settled in the United States Court of Federal Claims ("COFC") that this language grants district courts exclusive jurisdiction for claims arising under the Privacy Act.  Wagstaff v. United States, 105 Fed. Cl. 99, 110 (2012) (citing Treece v. United States, 96 Fed. Cl. 226, 232 (2010) ("[P]laintiff's claims under the Privacy Act of 1974 . . . are dismissed because the federal district courts have exclusive jurisdiction over such matters.")).  Moreover, the

Federal Circuit has held that the Privacy Act does not create a substantive right to money damages precluding this court's jurisdiction under the Tucker Act. Snowton v. United States, 216 F. App'x 981, 983 (Fed. Cir. 2007). Accordingly, the plaintiff's claims for damages under the Privacy Act are dismissed.

Similarly, the court finds that it does not have jurisdiction either to compel the DOL to "amend [Mr. Perry's] referral to the U.S. Attorney General" to represent him for certain claims he believes he possesses under VRRA, Compl. 8, or to "order" a United States Attorney to represent him in seeking claims under the 38 U.S.C. § 2022 by way of the All Writs Act, 28 U.S.C. § 1651(a). Similar to above, Mr. Perry does not provide a jurisdictional basis for the relief sought in either his complaint or his proposed amended complaint. Generally, the COFC's jurisdiction under the Tucker Act is limited to claims seeking monetary relief. Gonzales & Gonzales Bonds and Ins. Agency, Inc. v. Dep't of Homeland Sec., 490 F.3d 940, 943 (Fed. Cir. 2007); see also Simanonok v. Simanonok, 918 F.2d 947, 952 (Fed. Cir. 1990) ("[I]njunctive claims . . . are not cognizable in a . . . Tucker Act case, absent a concurrent colorable claim for monetary recovery."). Mr. Perry's reliance on the All Writs Act[6] does not confer on the court a separate grant of jurisdiction apart from the Tucker Act to issue the equitable relief he seeks absent a cognizable monetary claim. Tasby v. United States, 87 Fed. Cl. 180, 180 (2009) ("[The All Writs Act] permits writs in aid of jurisdiction, but does not itself create jurisdiction.") (quotation and citation removed). Moreover, to the extent that Mr. Perry seeks relief

---

[6] The All Writs Act, 28 U.S.C. § 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law."

under VRRA, the Act itself expressly vests jurisdiction in the district courts and not in the

COFC.  See 38 U.S.C. § 2022 ("If any employer, who is a private employer or a State or

political subdivision thereof, fails or refuses to comply with the [Act's] provisions . . . the

[appropriate] district court . . . shall have the power . . . to require such employer to

comply with such provisions and to compensate such person. . . .").  The court therefore

must dismiss Mr. Perry's claims to the extent that they seek equitable relief from this

court.

Finally, this court does not have jurisdiction to consider Mr. Perry's Fifth

Amendment claim for monetary damages because the claim is rooted in an alleged due

process violation rather than a taking of a private property interest under the Takings

Clause.  Hampel v. United States, 429 F. App'x 995, 998 (Fed. Cir. 2011).  In order to

state a claim under the Takings Clause, Mr. Perry must establish that he had a cognizable

Fifth Amendment property interest and that it was taken by the government.  Acceptance

Ins. Cos. v. United States, 583 F.3d 849, 854 (Fed. Cir. 2009).  Mr. Perry relies on Board

of Regents v. Roth, 408 U.S. 564 (1972), in support of his assertion that he has a property

interest in certain VRRA benefits.[7]  Compl. 3, prop. amend. Compl. 22.

The Federal Circuit, however, has expressly held that Roth does not support a

Fifth Amendment takings claim for purposes of COFC jurisdiction.  Adams v. United

States, 391 F.3d 1212, 1220 (Fed. Cir. 2004).  The Federal Circuit has explained the

---

[7] Mr. Perry quotes the following passage from Roth in support of his assertion that the benefits offered to those eligible under VRRA conferred to him a property interest: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  Roth, 408 U.S. at 577.

importance of avoiding confusion between "a property right cognizable under the Takings Clause of the Fifth Amendment with a due process right to payment of a monetary entitlement under a compensation statute." Id.  As the Federal Circuit has stated:

> Generally, entitlements are considered to be government conferred benefits, safeguarded exclusively by procedural due process. See [Roth, 408 U.S. at 577].  In light of this, entitlements are often referred to as "property interests" within the meaning of the Due Process Clause in cases decided under that clause, but such references have no relevance to whether they are "property" under the Takings Clause.

Id. at 1220 n.4.  Mr. Perry's claim for compensation for benefits to which he claims entitlement are based upon a due process theory for recovery and this court does not have jurisdiction to consider such claims.  LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (noting that the Due Process Clause of the Fifth Amendment cannot provide the COFC with jurisdiction because it "do[es] not mandate payment of money by the government").

As a result, to the extent VRRA conferred any vested rights upon Mr. Perry—an issue not reached here—such rights are safeguarded only by procedural due process and not by the Takings Clause.  Accordingly, this court must dismiss Mr. Perry's takings claim for lack of jurisdiction.

## C.    Conclusion

For all of the above reasons, the government's motion to dismiss is **GRANTED** and the plaintiff's complaint is **DISMISSED** in full.  The clerk is directed to enter

judgment accordingly.  The parties shall bear their own costs.


**IT IS SO ORDERED.**


s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge